IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE WILLIAMS,

    Plaintiff,

vs.                              Case No. 19-2037-SAC

CORRECT CARE SOLUTIONS and
KAY THOMPSON

    Defendants.

**O R D E R**

Plaintiff has filed a pro se action pursuant to 42 U.S.C. § 1983. This action was filed in state court and has been removed to this court. From the complaint, plaintiff appears to be an inmate at the Wyandotte County Adult Detention Center (WCADC). He names Correct Care Solutions (CCS) as the sole defendant in his handwritten complaint (Doc. No. 4, p. 1) and adds Kay Thompson as a defendant in an attached complaint written on a court-produced form for § 1983 actions (Doc. No. 4, p. 9).

Plaintiff alleges that while incarcerated at the WCADC he did not receive medication for a seizure condition until July 28, 2017 when plaintiff was hospitalized after suffering a seizure, even though there was information available well before that time that he suffered seizures. Plaintiff has also supplemented his complaint with allegations that he has had shingles that defendants failed to diagnose and treat properly.

1

This case is now before the court upon defendant CCS's motion for dismiss pursuant to Fed.R.Civ.P. 12(b)(6) – Doc. No. 6 - and other pending motions.

II. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III. Rule 12(b)(6) standards

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted" under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 557). A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See id. at 679; Twombly, 550 U.S. at 567.

The court will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008). This can be particularly important in prisoner litigation. Gee v. Pacheco, 627 F.3d 1178, 1185 (10th Cir. 2010)("A prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts.").

At this point, the court's role is not to weigh potential evidence the parties might present at trial but to assess whether the complaint alone is legally sufficient to state a claim for relief. See MacArthur v. San Juan County, 309 F.3d 1216, 1221

(10th Cir. 2002)(quotation omitted). An exception to this rule is that the court may consider documents referred to in the complaint that are central to the plaintiff's claim. Id.

Typically, dismissals under Rule 12(b)(6) follow the arguments made in a motion to dismiss. But, the court may dismiss on the basis of its own arguments when it is patently obvious that plaintiff could not prevail on the facts alleged and allowing an opportunity to amend the complaint would be futile. See Whitney v. State of New Mexico, 113 F.3d 1170, 1172 (10th Cir. 1997); Hall, 935 F.2d at 1109-10. In this order, the court relies on arguments made by defendants and arguments raised by the court.[1]

IV. The complaint fails to state a claim under § 1983.

While CCS may be considered as a person acting under color of state law for purposes of § 1983, it may not be held liable based upon respondeat superior – that is, solely because it employs someone who violated the Constitution. See Rascon v. Douglas, 718 Fed.Appx. 587, 589–90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed.Appx. 536, 545 (10th Cir. 2016); Green v Denning, 465 Fed.Appx. 804, 806 (10th Cir. 3/9/2012); Livingston v. Correct Care Solutions, 2008 WL 1808340 *1-2 (D.Kan. 4/17/2008). Plaintiff must allege facts showing a policy or a custom of CCS that caused

---

[1] The court rejects defendant CCS's exhaustion of administrative remedies argument because it requires additional information which is not present in the record the court is limited to reviewing upon defendant's motion. See Lax v. Corizon Medical Staff, 2019 WL 1223312 *1-2 (10th Cir. 3/15/2019)(inmates are not required to plead exhaustion of administrative remedies).

4

his injury. Spurlock, supra. Plaintiff has failed to allege such facts. Therefore, his claim against CCS is subject to dismissal for failure to state a claim.

Plaintiff's claim against defendant Thompson is also subject to dismissal. Plaintiff must allege facts showing that defendant Thompson caused his injury and acted with the state of mind required to establish liability for the alleged misconduct. See Pahls v. Thomas, 718 F.3d 1210, 1225,26 (10th Cir. 2013). Plaintiff's complaint does not contain such a factual recitation.

V. Other pending motions

A. Motions for appointment of counsel

Plaintiff has filed two motions for appointment of counsel. Doc. Nos. 9 and 11. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a

relatively simple case and the court is not convinced that appointment of counsel is warranted. Considering the circumstances, including that presently the complaint does not appear to state a claim, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request if this litigation progresses further.

One of plaintiff's motions to appoint counsel (Doc. No. 9) also asks for a hearing to oppose defendant's motion to dismiss. Whether to conduct a hearing upon the motion to dismiss is a matter for the court's discretion. The court very seldom conducts hearings upon motions to dismiss and finds that a hearing is not necessary under the circumstances of this case. Therefore, the court shall deny plaintiff's request for a hearing.

B. Motion to Stay Discovery

Defendant has filed a motion to stay discovery. Doc. No. 12. Defendant requests a stay until 30 days following the court's ruling on defendant's pending motion to dismiss. Plaintiff opposes the motion. Upon review, the court shall grant a stay of discovery until further notice. The court finds that a stay will limit the possibility of wasteful or burdensome proceedings while a dispositive motion is being decided and that discovery is not necessary to litigate the dispositive motion. Therefore, the motion to stay shall be granted and discovery shall be stayed until further notice. See Randle v. Hopson, 2013 WL 120145 *1 (D.Kan.

1/9/2013)(reviewing factors often considered upon a motion to stay discovery).

C. Motion for leave to proceed in forma pauperis (Doc. No. 18).

Upon review, plaintiff's motion for leave to proceed in forma pauperis is granted.

VI. Conclusion

For the above-stated reasons, the court shall grant the motion to dismiss plaintiff's complaint – Doc. No. 6. The court shall give plaintiff time until May 3, 2019 to file a complete and proper amended complaint to cure all the deficiencies discussed in this order. If plaintiff fails to do so, this case shall be closed. Plaintiff's motions for appointment of counsel and for a hearing (Doc. Nos. 9 and 11) are denied without prejudice. Defendant's motion to stay discovery (Doc. No. 12) is granted. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 18) is granted.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge